UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD LUTZE,

       Petitioner,

v.                                                 CASE NO. 07-11227
                                                  HONORABLE AVERN COHN

JERI-ANN SHERRY,

       Respondent.

_____/

## ORDER GRANTING A CERTIFICATE OF APPEALABILITY

I.

This is a habeas corpus case under 28 U.S.C. § 2254. Petitioner Todd Lutze is a state prisoner serving a mandatory life sentence following his conviction for first-degree felony murder arising from the death of a 17 month old child. Petitioner raised several claims for habeas review, as follows: (I) he was denied his right to present a defense, (II) the prosecutor committed misconduct, (III) trial counsel was ineffective, (IV) a new trial should have been granted based on newly discovered evidence, (V) the introduction of junk science at trial denied him a fair trial, (V) the trial court was biased, (VI) the evidence of felony murder was insufficient, (VIII) appellate counsel was ineffective, and (IX) the standard of review on habeas cases is unconstitutional. The Court considered all of Petitioner's claims, some of which were procedurally defaulted, and determined that the claims either lacked merit or Petitioner failed to overcome his procedural default. See Memorandum and Order Denying Petition for Writ of Habeas

Corpus, filed June 11, 2008.

Before the Court is Petitioner's motion for a certificate of appealability. Petitioner seeks a certificate of appealability on all of the claims raised in the petition or, at a minimum, his claims of prosecutorial misconduct, ineffective assistance of counsel, and evidence relating to shaken baby syndrome.

## II.

Before Petitioner can appeal the Court's order, a certificate of appealability (COA) must issue. See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, (2000), the United States Supreme Court held that, where the petition is dismissed on procedural grounds, the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 529 U.S. at 484 (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Where a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.

The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' or the existence of mere 'good faith' on his or her part." Id. at 338. A prisoner need not prove that "some jurists would grant the

petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id.

III.

Having reviewed the file and Petitioner's motion, reasonable jurists might debate the Court's resolution of some of Petitioner's claims and come to a different conclusion, including whether they are procedurally defaulted or whether Petitioner overcame his procedural default. Accordingly, a COA is granted on the following claims:

> Claim II. - Alleging prosecutorial misconduct
>
> Claims III. and VIII. - Alleging ineffective assistance of trial and appellate counsel
>
> Claims IV. and V. - Regarding evidence of shaken baby syndrome

SO ORDERED.

      s/Avern Cohn
      AVERN COHN
      UNITED STATES DISTRICT JUDGE

Dated: July 28, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Todd Lutze, 325454, St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880 on this date, July 28, 2008, by electronic and/or ordinary mail.

      s/Julie Owens
      Case Manager, (313) 234-5160